(No. 27870.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM B. DAULLEY, Plaintiff in Error.

*Opinion filed September 19, 1944.*

WILLIAM B. DAULLEY, *pro se.*

GEORGE F. BARRETT, Attorney General, and C. W. BURTON, State's Attorney, of Edwardsville, for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, William B. Daulley, pleaded guilty to the crime of forgery in the circuit court of Madison county on June 16, 1943, and was sentenced by that

court to the Illinois State Penitentiary for a term of from one to fourteen years and there to remain until discharged according to law. The plaintiff in error appears in this court *pro. se.* He presents no bill of exceptions or proceedings had in the court below, but urges that there is substantial error shown in the common-law record filed herein from the circuit court of Madison county.

In what purports to be an abstract of record in this court, two errors are assigned as follows:

1. The court erred in fixing a definite place where the sentence should be served.

2. The court erred in not hearing evidence in aggravation and mitigation of the offense.

The errors will be considered in the order presented. The statute in force and effect at the time the plaintiff in error was sentenced in this case provided that all commitments should be made to the Illinois State Penitentiary generally and that the Department of Public Safety should have full power to assign the committed person to the division of the penitentiary system appropriated to his class. (Ill. Rev. Stat. 1941, chap. 108, par. 107.) The judgment contained in the common-law record shows that the plaintiff in error was definitely sentenced to the "Illinois State Penitentiary." This sentence was in exact conformity with the provisions of the above statute. A copy of the penitentiary *mittimus* was also contained in the record filed and recites that the plaintiff in error was sentenced "to the penitentiary of this state at Menard."

It is contended by the plaintiff in error that the court erred in fixing a definite place of confinement where the sentence should be served. This court has many times held that all reasonable intendments not contradicted by the record are in favor of the validity of a judgment of conviction, and a person seeking reversal of such judgment has the burden of showing the illegality of such proceedings. (*People* v. *Throop,* 359 Ill. 354.) We have, also, on

frequent occasions, held that a prisoner duly convicted and sentenced to the penitentiary is confined to such institution not by virtue of the warrant of commitment but on account of the judgment and sentence rendered against him in the trial court. In the case of *People* v. *Stacey,* 372 Ill. 478, after announcing the above rule, the court said: "However, the warrant should conform to the judgment on which it is based and if it does not follow the judgment, a good warrant may be substituted at any time in place of a defective one." In *People ex rel. Busch* v. *Green,* 281 Ill. 52, we stated the following: "As a matter of fact, there is no special requirement in our statute that a sheriff or other officer must be supplied with a *mittimus* after an order and judgment of conviction and sentence to jail have been entered by the court, * * *. There is authority, at any rate, for the proposition that a prisoner who has been legally and properly sentenced to prison cannot be released from prison merely because of an imperfection in the warrant for commitment, and if the prisoner is safely in the proper custody there is no office for a *mittimus* to perform." The argument of plaintiff in error that the failure of the *mittimus* to follow exactly the judgment of the trial court constitutes reversible error is without support, under the decisions of this court.

The second point, urging that the court erred in not hearing evidence in aggravation and mitigation of the offense, has recently been considered by this court in *People* v. *Childers,* 386 Ill. 312, where the question was determined adversely to the claim of the plaintiff in error. It was there stated, upon the authority of *People* v. *Throop,* 359 Ill. 354, construing the statute (Ill. Rev. Stat. 1943, chap. 38, par. 732,) providing that in all cases where the court possesses any discretion as to the extent of the punishment it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense, that where such examination of witnesses is requested or desired by

either party, it is the duty of the court to grant such examination, but, if neither party makes such request, such examination and hearing will be held to be waived. It has also been stated, in *People* v. *Pennington,* 267 Ill. 45, that such matters must be presented for review by a bill of exceptions. It is apparent that the questions raised by plaintiff in error have heretofore been reviewed by this court and decisions rendered contrary to his contentions.

It is our opinion that the judgment and sentence imposed by the trial court in this case upon the plaintiff in error was entirely in accord with the laws of the State of Illinois and that the alleged errors relied upon by him are wholly without merit.

The judgment of the circuit court of Madison county is, therefore, affirmed.

*Judgment affirmed.*