(No. 28469.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLYDE WAGNER, Plaintiff in Error.

*Opinion filed May 23, 1945.*

CLYDE WAGNER, *pro se.*

GEORGE F. BARRETT, Attorney General, and C. W. BUR-TON, State's Attorney, of Edwardsville, (KENNETH F. KELLY, of Alton, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Clyde Wagner, was indicted by the grand jury of Madison county at the May term, 1937, for the crime of murder, and upon a plea of guilty was sentenced to the Illinois State penitentiary for a term of one hundred years. He assigns error upon the common-law record, only.

The first point made is that the indictment consists of words and figures contrary to the practice at common law. The matter complained of is the date of the death of the victim, as set out in figures. The strictness of the common law in indictments has long since been abandoned, and the use of figures in the dates is authorized by the statute (Ill. Rev. Stat. 1943, chap. 38, par. 716,) in prescribing the form of the indictment. Such an objection cannot now be urged upon error unless it was raised in the trial court. (Ill. Rev. Stat. 1943, chap. 38, par. 719.) No such objection appears in the record.

It is next claimed the indictment was bad because it did not set forth a motive for the killing. It is not neces-

sary to prove motive to show the killing was murder, (*People* v. *Mangano,* 375 Ill. 72; *People* v. *Frank,* 327 Ill. 393,) and, consequently, it need not be alleged in the indictment.

It is also contended that the circuit court erred in sentencing plaintiff in error to the penitentiary because he was insane at the time of the commission of the crime. There is no bill of exceptions, but the record shows he appeared by counsel. The responsibility of raising the question of insanity is upon the defendant's counsel. (*People* v. *Maynard,* 347 Ill. 422; *People* v. *Hart,* 333 Ill. 169.) Every man is presumed sane when there is no evidence to the contrary; (*People* v. *Christensen,* 336 Ill. 251,) hence, for this reason, there was no error in sentencing the plaintiff in error.

It is also claimed that the penitentiary *mittimus* was issued before he was tried or convicted. This is a mistake upon his part, as the date in the top part of the *mittimus* is the date of the convening of the term of court, but in the body of the instrument it is shown he was sentenced on the same day he pleaded guilty.

He finally urges that the number of years of his sentence does not appear in the penitentiary *mittimus.* It distinctly appears in the judgment of the court. The warrant of commitment is no part of the record of conviction, but should conform to it, as it is the court's judgment which constitutes the sentence. (*People* v. *Munday,* 293 Ill. 191; *People* v. *Daulley,* 387 Ill. 403.) If the warrant is not in proper form, a good warrant may be substituted at any time in place of a defective one. *People* v. *Daulley,* 387 Ill. 403.

No error appears in this record. The judgment of the circuit court of Madison county is affirmed.

*Judgment affirmed.*