THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN E. WELLS, Plaintiff in Error.

*Opinion filed May 21, 1946.*

JOHN E. WELLS, *pro se.*

GEORGE F. BARRETT, Attorney General, and C. W. BURTON, State's Attorney, of Edwardsville, (KENNETH F. KELLY, of Alton, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error was indicted in October, 1944, by the grand jury of Madison county. The indictment charged him with the crime of murder. He entered a plea of not guilty. Counsel was appointed to represent him, at his request. Later, the counsel so appointed obtained leave of the court to withdraw, and two other members of the bar were appointed to represent him. After the cause had been continued twice, on February 13, 1945, upon his petition, a jury was impaneled to determine the question of his sanity. Upon that hearing, the jury returned a verdict

finding that plaintiff in error was not insane or feeble-minded. He thereupon signed a written jury waiver. The case was tried before the court. Plaintiff in error was found guilty of murder. He was sentenced to the penitentiary for the term of his natural life.

The case is submitted here on the common-law record alone. He has assigned numerous alleged errors. The defendant in error presented a motion suggesting a diminution of the record. This motion was allowed, and the defects in the record supplied. Many of the defects alleged to be contained in the record have been eliminated by the additional, or corrected, record.

The first alleged error relates to the competency of the counsel appointed to represent the defendant. There being no bill of exceptions in the record, this error cannot be considered. (*People* v. *Corrie*, 387 Ill. 587.) Moreover, the common-law record shows that no such error exists.

The second and third alleged errors relate to alleged defects in the indictment. Specifically he contends that the indictment alleged the death of the deceased was on August 6, 1944, whereas he alleges that the evidence shows the death was on August 7, 1944. Even if such discrepancy. was properly presented by bill of exceptions, the objections are frivolous and wholly without merit. Such objections cannot be considered in the absence of a bill of exceptions. *People* v. *Richardson*, 391 Ill. 523.

The fourth assignment of error points out certain words alleged to have been misspelled in the indictment. These alleged defects are cured by the corrected record filed, which shows that no such misspelled words are contained in the indictment. The fifth and eighth assignments of error relate to the alleged conduct of the court during the trial. Obviously they cannot be considered in the absence of a bill of exceptions. (*People* v. *Lantz*, 387 Ill. 72.) The sixth assignment of error is that the court erred in refusing to grant a change of venue. The record shows

that no motion for change of venue was made in the cause. No such change was asked. The seventh assignment of error relates to the alleged misconduct of the court and is equally without merit.

The ninth assignment of error relates to certain alleged defects in the *mittimus.* The *mittimus* is no part of the common-law record and any error therein affords no basis for the assignment of error in this court. Plaintiff in error is in prison by virtue of the judgment and sentence of the court. If the *mittimus* issued is incorrect, a correct *mittimus* may be issued at any time. *People* v. *Wagner,* 390 Ill. 384.

The contentions of plaintiff in error are wholly without merit.

The judgment of the circuit court of Madison county is affirmed.

*Judgment affirmed.*