(No. 30689.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOMER COX, Plaintiff in Error.

*Opinion filed November 18, 1948.*

HOMER COX, *pro se.*

GEORGE F. BARRETT,. Attorney General, of Springfield, (MAURICE E. GOSNELL, State's Attorney, of Lawrenceville, and EDWARD WOLFE, of Springfield, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

February 21, 1935, plaintiff in error, Homer Cox, was indicted, tried and sentenced in the circuit court of Lawrence County on a count charging burglary and larceny. The indictment also contained a count which sought to convict him under the provisions of the Habitual Criminal Act. He waived a jury trial, pleaded guilty to the count charging burglary and larceny, and judgment was entered sentencing him to the penitentiary for a term of one year to life. Appearing *pro se,* and relying solely on the common-law record, Cox prosecutes this writ of error.

He first urges that the trial court erred in accepting his plea of guilty and sentencing him without benefit of counsel. The record shows that the trial court duly admonished plaintiff in error of the consequences of his plea, but even then he persisted in making it. The record is silent as to appointment of counsel, nor does plaintiff in error contend that he asked for and was denied assistance of counsel. In the recent case of *People* v. *Wilson,* 399 Ill. 437, wherein the right of an accused to counsel was fully discussed, we held that in noncapital cases, where the record is silent, and the accused did not on oath state that he was indigent and

ask counsel to be appointed, he is considered to have waived a personal privilege and has not been denied due process of law or a constitutional right. We further held that no duty rests upon the trial court to advise a defendant in a noncapital case of his right to counsel before entering a plea of guilty, and that the silence of the record on such right does not furnish grounds for reversal on the common-law record. (See, also, *People* v. *Ross,* 400 Ill. 237, and *People* v. *Evans,* 397 Ill. 430.) Thus from the record before us the first contention of plaintiff in error must fail. He concedes that the foregoing rule is applied to noncapital cases, but argues that his punishment is so similar to capital punishment that the rule for capital cases should be applied to him. Such an argument presents no basis in law or in fact by which plaintiff in error should be excepted from the rule in the *Wilson case.*

The next two errors assigned are based on alleged defects in the *mittimus.* He contends that by the terms of *mittimus* he is being confined as an habitual criminal even though he did not plead guilty to that count of the indictment. A prisoner duly convicted and sentenced to the penitentiary is confined to such institution not by virtue of the warrant of commitment but on account of the judgment and sentence against him in the trial court. (*People* v. *Daulley,* 387 Ill. 403.) An examination of the judgment and sentence in the record here indicates unequivocally that plaintiff in error was found guilty only of burglary and larceny, and given the punishment provided by law. Further, we have held that the *mittimus* is no part of the common-law record and any error therein affords no basis for the assignment of error in this court. (*People* v. *Wells,* 393 Ill. 626.) If the *mittimus* is incorrect, a correct *mittimus* may be issued at any time. (*People* v. *Stacey,* 372 Ill. 478; *People* v. *Wagner,* 390 Ill. 384.) In the pleadings presented to this court it is alleged that plaintiff in error has unsuccessfully tried on two occasions to procure the

issuance of a corrected *mittimus*. However, the propriety of rulings of the trial court in those instances is not before us on this writ of error, nor have they been assigned as error. The contentions thus based on the *mittimus* are without merit.

The judgment of the circuit court of Lawrence County is affirmed.

*Judgment affirmed.*