THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM CARLE, SR., Defendant-Appellant.

(No. 71-95;

Third District—October 19, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

Lamar Evans, State's Attorney, of Oquawka, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

On January 12, 1971, William R. Carle, Sr., the defendant, age 39, appeared in the Circuit Court of Henderson County. Mr. Carle, who was not represented by an attorney, waived counsel, waived indictment and entered pleas of guilty to two counts of theft of property valued in excess of $150. Judgment was entered pursuant to the pleas and defendant was sentenced to two to five years, concurrent, on each count.

Defendant appeals contending, first, that he was denied his right to counsel because the trial court did not properly advise him pursuant to Supreme Court Rule 401.

Supreme Court Rule 401 (a) provides,

> "* * * The court shall not permit a waiver of counsel by a person accused of a crime punishable by imprisonment in the penitentiary without first, * * * informing him of and determining that he understands * * *
> (3) that he has a right to counsel and if indigent, to have counsel appointed for him by the court."

Only the following appears in the entire record regarding waiver of counsel:

> "The Court: Is there any question as to whether you want to proceed without an attorney?
> Mr. Carle: I am willing to go ahead and do it, because I am guilty. There is no other way to do it, sir."

■■ This procedure certainly did not literally comply with the standards respecting right to counsel and waiver of the right either as expressed in Rule 401 or as stated in *People v. Hessenauer*, 45 Ill.2d 63. Defendant was not offered nor did he knowingly and understandingly reject representation by appointed counsel.

> "A finding of waiver will not be made unless it appears from the record that * * * the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel." *People v. Hessenauer, supra.*

■■ The defendant also contends that the court failed to properly

advise him of the consequences of a guilty plea pursuant to Supreme Court Rule 402 (a). We agree. Before entering each plea, the defendant was advised *only* that he had a right to a trial. He was never advised that he had a right to plead not guilty or that he had a right to be confronted with the witnesses against him. See Committee Comments to S.Ct. Rule 402, Ill. Ann. Stat., Chap. 110A, par. 402.

We therefore reverse defendant's convictions and remand to the trial court with directions for the trial court to permit the defendant to withdraw his plea of guilty and plead anew.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.