THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRYCE LEWIS SCHRODT, Defendant-Appellant.

(No. 72-30; ■■■■■■■■■■)

Third District—November 16, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

La Marr W. Evans, State's Attorney, of Oquawka, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

On May 12, 1971, Defendant, Bryce Lewis Schrodt, entered his plea of guilty to an information charging him with aggravated battery and on November 29, 1971, he was sentenced to one to five years in the penitentiary by the Circuit Court of Henderson County.

Defendant appeals contending he was denied his right to counsel because the trial court did not properly advise him pursuant to Ill. Rev. Stat. 1971, ch. 110A, par. 401 (a). The Rule provides, "The court shall not permit a waiver of counsel by a person accused of a crime punishable by imprisonment in the penitentiary without first, * * * informing him of and determining that he understand * * * (3) that he has a right to counsel and if indigent, to have counsel appointed for him by the court."

Relative to waiver of counsel the record shows the following:

"The Court: Defendant is present in court. I would say, Mr. Schrodt, that you have a right to have an attorney represent you. Do you want an attorney to represent you?

Mr. Schrodt: No.

The Court: You don't want an attorney?

Mr. Schrodt: No.

The Court: How old are you?

Mr. Schrodt: Thirty.

The Court: How much education have you had?

Mr. Schrodt: Sixth grade.

The Court: You went through the sixth grade?

Mr. Schrodt: Yes.

The Court: Do you understand what I am talking about?

Mr. Schrodt: Yes.

The Court: The defendant waives his right to have an attorney represent him. You are charged here, Mr. Schrodt with a count of aggravated battery."

■■■ A finding of waiver ought not to be made unless it appears from the record that the trial judge specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel. (*People v. Hessenauer*, 45 Ill.2d 63, 256 N.E.2d 791, and *People v. Burson*, 11 Ill.2d 360, 143 N.E.2d 239.) The purpose of the Supreme Court Rule, which requires that the court shall not accept a plea of guilty or a waiver of counsel without adequate admonishment, is to provide a procedure which will eliminate any doubt that the accused understands the nature of the charge against him and its consequences; and to preclude the accused from entering a plea of guilty or waiving the right to counsel without full knowledge and understanding. (*People v. Stevens*, 68 Ill.App. 2d 265, 215 N.E.2d 147.) See also *People v. Carle, Sr.* (1972), 7 Ill.App.3d 709.

■ It is our conclusion that after applying the foregoing authorities to the admonishment and advice disclosed by the record, the trial court did not comply with the Rule. Defendant was not advised that if he were indigent and desired to be represented by an attorney one would be appointed for him.

We therefore reverse defendant's conviction and remand the case to the trial court with directions defendant be permitted to withdraw his plea of guilty and plead anew.

Reversed and remanded.

ALLOY and DIXON, JJ., concur.