THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST A. JONES, Defendant-Appellant.

First District (3rd Division) No. 61883

Opinion filed February 10, 1976.—Modified upon denial of rehearing March 18, 1976.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart and Mary T. Woodward, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, John T. Theis, and Bertina E. Lampkin, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court as modified upon denial of petition for rehearing:

Defendant, Ernest A. Jones, pleaded guilty to a charge of unlawful use of weapons (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(4)) and was sentenced to 1 year's probation and fined $100. On appeal he initially contends that the trial court erred in accepting his waiver of the right to counsel. Since we agree, it is not necessary to consider defendant's remaining contentions.

The record reflects that when defendant's case was called he appeared without counsel. The following colloquy occurred:

"THE COURT: You ready for trial, Mr. Jones?

THE DEFENDANT: Yes, sir.

THE COURT: You want to be tried by this Court without a lawyer and without a jury?

THE DEFENDANT: Yes, sir.

THE COURT: You recognize if your [sic] unable to afford an attorney, you have a right to ask for a public defender?

THE DEFENDANT: Yes.

THE COURT: You're not asking for one?

THE DEFENDANT: No, sir.

THE COURT: Okay. Now, how do you plead to the charge of unlawful use of weapon?

THE DEFENDANT: I said I was going to work a few hours early and then I usually do.

THE COURT: So, your [*sic*] pleading not guilty.

THE DEFENDANT: I plead guilty, because recognize—

THE COURT: You're pleading to what?

THE DEFENDANT: Unlawful use, I'm pleading guilty.

THE COURT: Your [*sic*] pleading guilty to it?

THE DEFENDANT: Yes. (nodding)"

Thereafter, the trial judge admonished the defendant pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402), and a plea of guilty was accepted.

The factual basis was supplied by a police officer in response to questioning by the prosecutor.

■■ It is well established that an accused who is charged with an offense punishable by imprisonment has a right to be represented by counsel at all critical stages of the proceedings unless he knowingly waives that right. (*Argersinger v. Hamlin* (1972), 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006.) A finding of such waiver should not be made unless it appears from the record that the trial court "specifically offered, and the accused knowingly and understandingly rejected, the representation of appointed counsel" (*People v. Hessenauer* (1970), 45 Ill. 2d 63, 68, 256 N.E.2d 791). In order that the court may be sure that an accused fully understands his right to counsel and intentionally relinquishes that right, something more than a routine inquiry by the court is required. (*People v. Bush* (1965), 32 Ill. 2d 484, 487-488, 207 N.E.2d 446); *People v. Melvin* (1975), 28 Ill. App. 3d 1090, 329 N.E.2d 890.

■■ Supreme Court Rule 401 which formerly specified "a crime punishable by imprisonment in the penitentiary" was amended June 28, 1974, effective September 1, 1974, by deleting the words "in the penitentiary" (Ill. Rev. Stat., 1974 Supp., ch. 110A, par. 401). The Rule presently provides in part:

"(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law,

   \*   \*   \*

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court.

   \*   \*   \*

(c) Transcript Required. The proceedings required by this rule

to be in open court shall be taken verbatim, transcribed, filed, and made a part of the common-law record."

The purpose of Rule 401 is to provide a procedure which will eliminate any doubt that the defendant understands the charge against him and its consequences, and to preclude a defendant from entering a plea of guilty or waiving the right to counsel without full knowledge and understanding. *People v. Schrodt* (1972), 8 Ill. App. 3d 660, 662, 289 N.E.2d 652; *People v. Carle* (1972), 7 Ill. App. 3d 709, 288 N.E.2d 878.

■■ In the instant case, before the acceptance of defendant's waiver of counsel, there is nothing to indicate that defendant understood the nature of the charge by the mere recitation of "unlawful use of weapons," or that he was advised on the minimum and maximum penalty prescribed by law.

■■■ The State argues that the trial court in subsequently accepting defendant's plea of guilty did adequately admonish him as to the nature of the charge and the penalty pursuant to Supreme Court Rule 402. However, "[t]he arraignment is nothing more than to call the prisoner to the bar of the court to answer the charge against him. * * * a beginning place in the trial where the charges must be made clear to the defendant. * * * The safeguards which are due a defendant should be afforded no later than at this time." (Ill. Ann. Stat. ch. 38, art. 113, Committee Comments, at 6 (Smith-Hurd 1970).) The arraignment is a critical stage at which defendant has the right to counsel before being required to plead to the charge. The admonishments given defendant herein in accepting his plea of guilty cannot relate back to the waiver of counsel. Effect must also be given to the word "first" which appears in Rule 401(a). A valid waiver of counsel must precede a plea of guilty. The record required by Supreme Court Rule 401(c) fails to demonstrate the necessary compliance with Rule 401(a).

For the foregoing reasons, we reverse defendant's conviction and remand the cause to the circuit court of Cook County with directions that defendant be permitted to withdraw his plea of guilty and plead anew.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.