THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LUTHER GLASS, Defendant-Appellant.

First District (2nd Division)   No. 76-771

Opinion filed May 24, 1977.—Rehearing denied June 8, 1977.

618

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Joan S. Cherry, and Neil H. Cohen, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Following a bench trial, Luther Glass, defendant, was convicted of the unlawful use of a weapon (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)) and sentenced to one year conditional discharge and fine in the amount of his bond.

He contends: (1) his waiver of counsel before trial was improper because the court did not inform him of the nature of the charge as required by Supreme Court Rule 401(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 401(a)); (2) the evidence did not establish a criminal violation because the weapon was not sufficiently accessible; (3) the doctrine of "plain error" requires this court to consider whether defendant was subjected to an improper search which disclosed the weapon; (4) he did not waive his right to counsel prior to sentencing; and (5) the sentence is vague and uncertain.

Prior to trial the court gave defendant a copy of the complaint and advised him that he was "charged with unlawful use of weapons * * * carrying a loaded gun on your person." The court asked defendant if he understood the nature of the charge and defendant replied affirmatively. The court then advised defendant of the maximum penalty if he was found guilty, asked defendant if he wanted to go to trial without a lawyer and without a jury, and advised him of his right to ask for a public defender if he could not afford a lawyer. Defendant said that he wanted to be tried by the court without a lawyer and without a jury, and he pleaded not guilty.

During the trial the arresting officer testified that he stopped defendant for a traffic violation. When defendant got out of his car, this witness saw what he "believed" to be a gun butt protruding from underneath the driver's seat. A search of the car was made and a .38-caliber revolver containing four bullets was found. Defendant told the police the gun was registered and produced his identification card to substantiate this claim.

The defendant did not raise any objections to the testimony given by the officer and declined to cross-examine him, but offered testimony in his own behalf. Defendant claimed the arresting officer could not see the gun which was under the seat in the back of the car. While he admitted he was in possession of the weapon, he explained that he was merely taking it to his brother's home. He denied knowledge that the weapon was loaded.

The court found defendant guilty, imposed a sentence of "a period of

one year conditional discharge which means non-reporting probation" and a fine "in the amount of your bond."

## I.

■■ Defendant questions whether he properly waived the assistance of counsel at trial because he was not properly informed of the nature of the charge pursuant to Supreme Court Rule 401(a). (Ill. Rev. Stat. 1975, ch. 110A, par. 401(a).) The trial court advised defendant that he was charged with carrying a loaded gun on his person but did not further tell him the charge could be proved if the weapon was found "about" his person as set forth by statute. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10).) In *People v. Jones* (1st Dist. 1976), 36 Ill. App. 3d 190, 193, 343 N.E.2d 644, this court held:

> "The purpose of Rule 401 is to provide a procedure which will eliminate any doubt that the defendant understands the charge against him and its consequences, and to preclude a defendant from entering a plea of guilty or waiving the right to counsel without full knowledge and understanding. *People v. Schrodt* (1972), 8 Ill. App. 3d 660, 289 N.E.2d 652; *People v. Carle* (1972), 7 Ill. App. 3d 709, 288 N.E.2d 878."

In the instant case, the court gave defendant a copy of the complaint which thoroughly recited the charge as set forth by statute. The court then explained the charge as heretofore noted, and it asked defendant if he understood the nature of the charge, to which he affirmatively replied. Testimony offered by defendant leaves no doubt that he understood the nature of the charge against him in compliance with Supreme Court Rule 401(a).

## II.

■■ Defendant's contention regarding the propriety of the search is without merit. It has been held that where an officer makes an arrest for a traffic violation, and while he is standing outside of the car he observes what appears to be a portion of a gun inside the automobile, a search is "justified without regard to the arrest in that it was the auto itself which provided the locus of the offense which the officer had probable cause to believe was being committed." (*People v. Zazzetti* (1st Dist. 1972), 6 Ill. App. 3d 858, 862, 286 N.E.2d 745; *People v. Graham* (1st Dist. 1974), 23 Ill. App. 3d 685, 320 N.E.2d 156 (abstract).) The arresting officer had probable cause for searching defendant's car and seizing the weapon.

■■ It is to be noted that the evidence showed defendant raised no objection to the admission of this evidence at trial, nor did he cross-examine the officer concerning his testimony. Having failed to make objection at trial to the officer's testimony, defendant is precluded from

raising such objection on appeal. (See *People v. Trefonas* (1956), 9 Ill. 2d 92, 98, 136 N.E.2d 817.) However, considering the defendant was representing himself, we do not rely on the waiver theory, but are satisfied there was no error in the record with respect to the admissibility of the gun.

## III.

■■ Defendant's claim that the weapon was not accessible cannot be sustained. The fact that a weapon is not accessible is an exemption to the unlawful use of a weapon; and the burden is upon the defendant to establish this affirmative defense.[1] (Ill. Rev. Stat. 1975, ch. 38, pars. 24—2(b)(4) and 24—2(g); see also *People v. Cook* (1st Dist. 1977), 46 Ill. App. 3d 511, 361 N.E.2d 81.) Here, the arresting officer's testimony established that he saw the weapon protruding from under the driver's seat. While defendant said the weapon was under the seat in the back of the car, the resolution of conflicting testimony is for the trier of fact. There is evidence in the record, which the trier of fact believed, to support the finding of the trial court.

## IV.

The record shows that the trial court failed to advise defendant of his right to counsel before pronouncing the sentence. In the instant case defendant entered a plea of "not guilty" and proceeded to trial, after waiving his right to counsel. There is a divergence of appellate court opinions concerning whether a defendant who waives counsel before trial must expressly waive his right to counsel before sentencing. In *People v. Trump* (1st Dist. 1976), 38 Ill. App. 3d 44, 47, 347 N.E.2d 252, this court, through Mr. Justice Drucker, set forth in great detail the differences between the Fourth and Fifth Districts which hold that a defendant's waiver of counsel prior to trial does not carry through the sentencing proceedings, and the Second District which holds that a waiver carries through to all subsequent proceedings unless the defendant takes some affirmative action. So far as we can determine, there have been no new holdings on this point by an Illinois reviewing court.

■■■ In the instant case, the record does not reflect that defendant was aware of his right to counsel at the time of sentencing. We are of the

---

[1] Section 3—2 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 3—2) defines an affirmative defense as:

"(a) 'Affirmative defense' means that unless the State's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, must present some evidence thereon.

(b) If the issue involved in an affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense."

opinion that defendant should have been advised of his right to counsel before sentencing and defendant was not so advised. We agree with the position taken by the Fourth and Fifth Districts on this point. Since the cause must be remanded for a new sentencing hearing, it is unnecessary to consider defendant's contention that the sentence was vague concerning the amount of the fine. However, we do suggest that any fine imposed should be articulated with definite specificity so that no doubt exists as to the court's intention.

Defendant's conviction is affirmed, but the sentence is vacated. The cause is remanded with directions to conduct another sentencing hearing in accord with the views herein expressed.

Affirmed in part, and remanded.

STAMOS and PERLIN, JJ., concur.