THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MANUEL PITTMAN, Defendant-Appellant.

First District (1st Division)    No. 78-1035

Opinion filed August 27, 1979.

Ralph Ruebner and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, James S. Veldman, and Paula M. Daleo, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a bench trial, Manuel Pittman (defendant) was found guilty of aggravated battery and sentenced to 3 to 10 years. Defendant appeals.

Jerry Houston (complainant) testified he was employed as a C.T.A. bus driver. On the afternoon of November 16, 1976, defendant and a woman boarded the bus driven by complainant. The woman gave the complainant two transfers. He told her one of them was no longer valid. The defendant began to argue with complainant, who replied defendant could ride the bus, but the transfer was not good.

The defendant sat down and then got up and again began arguing with complainant. The defendant grabbed all of the transfers from the dashboard of the bus and put up his fists. The complainant stopped the bus and got up from his seat. The defendant seized the complainant and stabbed him in the back three times with a knife. Defendant tripped and fell as he left the bus. He threw the knife away. The police arrived and

arrested the defendant. The knife was found near the curb by the police. A police officer noted a mark, apparently blood, on the back of complainant's shirt. The complainant was taken to the hospital where he remained for approximately 10 days.

The testimony of the complainant was fully corroborated by the testimony of an eyewitness, Roy L. Pritchett. Mr. Pritchett had been a passenger on the bus during the incident. There was no additional testimony. No point is raised by defendant regarding sufficiency of the evidence to prove guilt beyond a reasonable doubt.

At the request of defense counsel, the public defender, the defendant was examined by psychiatrists on two occasions prior to trial concerning fitness to be tried and sanity. On February 22, 1977, Dr. E. J. Kelleher reported it was his opinion the defendant understood the charges against him, was able to cooperate with defense counsel and was legally sane, although he had an antisocial personality with paranoid features. In July 1977, Dr. Jerome Katz reported defendant was aware of the nature of the charges and proceedings against him. He also stated, however, that due to defendant's "refusal to cooperate with counsel" he questioned defendant's fitness to stand trial. He also stated he could not evaluate defendant's sanity at the time of the incident because defendant refused to speak with him "about anything."

Defendant's trial commenced on January 3, 1978. Assistant Public Defender Michael Mikula informed the trial court that defendant refused to communicate with him, wished to conduct his own defense, and wanted a bench trial. The trial court questioned the defendant as to these wishes and informed defendant as to the difference between a bench and a jury trial. Defendant told the court he was able to represent himself. The trial court told the defendant he had the constitutional right to conduct his own defense. The trial court further stated Mr. Mikula could not withdraw as attorney, but the court directed him to confer with the defendant, explain defendant's legal rights during the course of the trial and assist defendant as requested.

Defendant contends he was denied due process of law as a result of being tried and convicted without a judicial determination of his fitness to stand trial; he did not knowingly and intelligently waive his right to assistance of counsel; his sentence must be vacated because the trial court misadvised him as to the choice to be sentenced under the former or present acts; and defendant was improperly given two concurrent sentences as a result of a single act.

■■ The standard for fitness to stand trial, codified by statute (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(a)), enunciated in *People v. Murphy* (1978), 72 Ill. 2d 421, 431, 381 N.E.2d 677, is "the ability to understand the nature and purpose of the proceedings and the ability to assist in one's

defense." The central issue is whether the facts raise a *"bona fide* doubt" that the defendant possesses the above two qualities. It is within the discretion of the trial court whether such a doubt has been raised. Upon a finding of such a doubt the trial court has a duty to hold a fitness hearing. *People v. Murphy* (1978), 72 Ill. 2d 421, 430-31, and cases there cited.

In the record before this court there are several references to defendant's refusal to cooperate with counsel. Such statements are attributed to three public defenders: Mikula, Morrisey and Kuhlen and to Dr. Jerome Katz. Importantly, the doctor stated defendant was "aware of the nature of the proceedings and the charges against him." However, the doctor added, "due to his [defendant's] refusal to cooperate with counsel * * * I question whether he [defendant] can be found fit to stand trial." On the other hand, Dr. Kelleher found defendant fit to stand trial and sane at the time of the incident.

■■■ Under Illinois law, "[d]efendant's unwillingness to cooperate with counsel cannot be deemed equivalent with an inability to do so." (*People v. O'Neal* (1978), 62 Ill. App. 3d 146, 149, 379 N.E.2d 12, *appeal denied* (1978), 71 Ill. 2d 620.) It is apparent from the record the remarks by Dr. Katz concerning defendant's refusal to cooperate with counsel had no bearing on defendant's fitness. Considering also the unequivocal finding of fitness by Dr. Kelleher, we conclude no *"bona fide* doubt" was raised as to defendant's fitness. Accordingly, the trial court was not required to make a judicial determination of defendant's fitness for trial. The subsequent trial supports this conclusion. The record reflects a rationally conducted trial and a number of instances in which defendant accepted able legal assistance from Mr. Mikula.

Defendant next contends he did not knowingly and intelligently waive his right to counsel. Defendant cites alleged failure of the trial court to comply with Supreme Court Rule 401(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 401(a)). The rule requires defendants be advised by the trial court of the nature of the charge against them, the minimum and maximum sentence and their right to counsel.

In the instant case, defendant stated in open court, "I'm ready to stand trial and able to represent myself * * *." The trial court advised defendant that Mr. Mikula would remain with him to answer legal questions during the course of the trial and otherwise to assist defendant as requested.

■■ When "a defendant requests that he be allowed to conduct his own defense with the assistance of a court-appointed lawyer, he does not waive the right to counsel." (*People v. Lindsey* (1974), 17 Ill. App. 3d 137, 141, 308 N.E.2d 111. See also *People v. McKinney* (1978), 62 Ill. App. 3d 61, 65, 378 N.E.2d 1125, *appeal denied* (1978), 71 Ill. 2d 612, and *In re Boswell* (1978), 62 Ill. App. 3d 1033, 1034, 379 N.E.2d 658.) It is correct, as

defendant points out, that conviction of the defendant was reversed in *Lindsey*. However, this result was reached simply because at crucial phases of the trial the defendant made reasonable requests for legal assistance which the trial judge refused. (See *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 144.) In addition, we note the able comments to the same effect upon *Lindsey* as stated by the court in *People v. McKinney* (1978), 62 Ill. App. 3d 61, 66. In such instances, the admonitions of Rule 401(a) need not be given because defendant has not made a waiver of counsel within the meaning of the rule.

Alternatively, if it be considered that Rule 401 should have been complied with, we arrive at the same result. The purpose of the rule is to "eliminate any doubt that the defendant understands the charge against him and its consequences, and to preclude a defendant from entering a plea of guilty or waiving the right to counsel without full knowledge and understanding." *People v. Jones* (1976), 36 Ill. App. 3d 190, 193, 343 N.E.2d 644.

■■■ Upon examination of the record in the instant case, as in *People v. Heath* (1976), 35 Ill. App. 3d 880, 886, 342 N.E.2d 452, it appears defendant, "fully understood the charge and the penalties at the time he" evidenced his desire to act as his own counsel. Defendant was present at the arraignment and heard the charges against him. Defendant had communicated with three public defenders. His exchanges with the trial judge and the manner in which defendant conducted his defense indicated his familiarity with the trial process. Furthermore, defendant was represented by private counsel at the sentencing hearing and the procedure was explained to him by the court and by his own attorney. We hold any "alleged deficiency in the formality of the court's admonitions was harmless." (*People v. Heath* (1976), 35 Ill. App. 3d 880, 886.) It may also be stated that the record here reflects a sufficient "substantial compliance" with Rule 401. *People v. Norris* (1977), 46 Ill. App. 3d 536, 540, 361 N.E.2d 105, citing Ill. Rev. Stat. 1973, ch. 110A, par. 651(c), and other authorities.

Defendant next contends he was given the right of choice to be sentenced under the present or the former sentencing acts. (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1008—2—4.) Defendant chose to be sentenced under the old law. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1.) Defendant urges his sentence should be vacated because the trial court erroneously explained the differences between the two laws. Specifically, defendant alleges the trial court incorrectly advised him he qualified for an extended term under the new code. Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—5—3.2(b)(1).

■■ Defendant argues that his previous felony convictions were not in Illinois as required for an extended term by the new statute. While it is

true defendant's previous convictions were in Indiana, defendant ignores section 5—5—3.2(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 1005—5—3.2(b)(2)), which imposes an extended term for offenses "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." The trial court thus had some plausible basis to advise defendant he was eligible for an extended term under the new code, although the court may have cited the wrong reason for that possibility. We do not find this statement by the court to be prejudicial.

■■ Quite aside from this question, defendant was represented by his own private counsel at the sentencing hearing. The sentencing procedure was explained to him by his counsel as well as by the court. The record shows that the careful trial judge declared a recess for the express purpose of permitting defendant to confer with his own private attorney on this question. After the recess, the attorney announced that defendant had elected to be sentenced under the old law. In our opinion, considering all pertinent factors, it appears that the sentence is fair and reasonable.

■■ Defendant correctly contends that he may only be sentenced on one count of aggravated battery because both charges were based on a single act. (*People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1. See also *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) The common law record and the report of proceedings before this court indicate the trial court sentenced defendant to a single term of 3 to 10 years. The *mittimus* indicates defendant was sentenced to concurrent 3 to 10 year terms. This is clearly in error and is contrary to the intention and order of the trial judge. A mistake in a *mittimus* is not reversible error. The mistake can be corrected at any time. (*People v. Cox* (1948), 401 Ill. 432, 434, 82 N.E.2d 463.) We direct that the *mittimus* be corrected forthwith to reflect conviction of one single term of 3 to 10 years.

■■ From our examination of the record and the briefs herein, we have concluded that no substantial question is presented by the within appeal. We have, therefore, decided the appeal without oral argument pursuant to Rule 352(a) of the supreme court. Ill. Rev. Stat. 1977, ch. 110A, par. 352(a).

For the above reasons the judgment appealed from is affirmed.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.