*In re* RICHARD BOSWELL.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* RICHARD BOSWELL, Respondent-Appellant.)

First District (2nd Division)    No. 77-1517

Opinion filed July 25, 1978.

James J. Doherty, Public Defender, of Chicago (Timothy P. O'Neill and Thomas W. Murphy, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Kenneth T. McCurry, and Suzanne Philbrick, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an order, entered September 8, 1977, by the circuit court of Cook County, stating that respondent, Richard Boswell, was in need of mental treatment and immediate hospitalization. Pursuant to said order, respondent was delivered to the Department of Mental Health for immediate transport to the John Madden Center.

In the instant appeal, respondent does not contend that the evidence adduced at his precommitment hearing was insufficient upon which to base a commitment. Instead, respondent raises the following contentions for appellate review: (1) That respondent did not effectively waive his right to counsel, and (2) That respondent was not given a full and fair opportunity to present a defense.

Prior to the commencement of respondent's hearing, respondent informed the court of his desire to represent himself. However, respondent also wished that the Public Defender be present to act in a guidance capacity only. After hearing respondent's wishes with respect to legal representation the court appointed the Public Defender as respondent's co-counsel. The Public Defender was present throughout the hearing.

■■ Based upon these facts we are compelled to find respondent's first contention without merit. When respondent requested that he be allowed to conduct his own defense with the assistance of a court-appointed lawyer, respondent did not waive his right to counsel. Respondent sought, instead, the best of both worlds: freedom to conduct his own defense and benefit from the assistance of counsel. (*People v. Heath* (1976), 35 Ill. App. 3d 880, 342 N.E.2d 452; *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 308 N.E.2d 111.) Consequently, respondent cannot contend that an ineffective or inadequate waiver of counsel occurred. Respondent's right to counsel was never waived.

Respondent's other contention is that he was denied a full, fair opportunity to present a defense. This contention is substantiated by an examination of the report of proceedings from the moment the State rested its case. The following is a reproduction, in relevant part, of the report of proceedings:

"MR. SAMUELS: State rests.

THE COURT: Mr. Boswell, this Court finds that the evidence is clear and convincing that you are in need of further hospitalization and that you are in need of mental treatment and it will be so ordered. And, the recommendation of the doctor as to the type of institution, that will be left at his discretion.

DR. DEL CAMPO: We will have another hearing this afternoon to transfer him to Chester. That is the only hospital available.

THE COURT: Chester.

MR. BOSWELL: It's not fair. It's just not fair. That's all I've been in is mental hospitals and it hasn't helped me. All I want to do is be free. I'm not going to harm and danger to myself or everybody else. All I want to do is be Richard Boswell. That's who I am. It's not fair, Judge. Judge, you're making a mistake. It's just like 1880's. It's horrible. See how they like it. Now they got what they wanted and you gave it to them.

THE COURT: Mr. Boswell, before you are taken away from this courtroom, the Court wants to inform you that you have a right to appeal my judgment in this matter, and if you want to do that you talk to your public defender who's appointed as your associate counsel.

MR. BOSWELL: What will happen if I appeal it? Can I go home for a while?

THE COURT: No, you'll have to remain in custody, but if you appeal it and the Court of Appeals decides as you have concluded that I am wrong in my decision, then you will be released.

MR. BOSWELL: I want to appeal.

THE COURT: You have that right.

MR. BOSWELL: I want to appeal it.

THE COURT: Very well. You talk to your public defender and exercise that right if you so decide."

It is quite evident that the report of proceedings reflects no manifestation of respondent's intent to waive his opportunity to offer a defense. Respondent might have visually (as opposed to orally) indicated his intent to refrain from offering a defense but if this were the case the trial judge could have stated for the record that respondent or counsel did so (perhaps by shaking his head or shrugging his shoulders in response to the court's inquiry regarding respondent's intent to offer a defense). Instead, the record reflects an abrupt termination of the proceedings by the trial court immediately upon the completion of the State's case.

We cannot presume that respondent waived his right to present a defense. Therefore, we find that respondent was denied the opportunity

to do so. Accordingly, the commitment order was improperly entered and is vacated. The cause is remanded for a hearing, allowing respondent the opportunity to adduce evidence and make an argument.

Order vacated and cause remanded.

DOWNING and PERLIN, JJ., concur.