THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DUANE A. DERRA, Defendant-Appellant.

Fourth District   No. 16261

Opinion filed January 23, 1981.

Stephen R. Pacey, of Pacey & Pacey, of Paxton, for appellant.

James R. Benson, State's Attorney, of Paxton, for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

Did defendant effectively waive counsel?

No.

We reverse and remand.

Derra was convicted by a jury of driving under the influence of intoxicating liquor and was sentenced to one year probation with no fine and ordered to attend an alcoholism program. He now appeals, contending that he did not effectively waive counsel.

On December 21, 1979, a complaint was filed charging Derra with driving under the influence of an intoxicating liquor. On January 25, 1980, defendant filed a motion for appointment of counsel asserting that he was indigent. Three days later, on January 28, the public defender was notified of his appointment to represent the defendant.

Then, on February 20, 1980, a hearing was held at which time the defendant expressed the desire to represent himself. At this time, the trial court ascertained that the defendant was 18 years old, understood the charge against him, and had a 9th grade education. The court also advised the defendant that the case was to go to jury trial in the next week and that the State "was not waiving the possibility of asking for a jail sentence" on the charge. The court also asked the defendant if he understood that he "may not be too well equipped to proceed without an attorney," and defendant responded affirmatively. The court allowed defendant's motion to represent himself but appointed the public defender to be present in an advisory capacity.

A jury trial was held on March 3, 1980. The record reflects that the public defender was present to advise the defendant. Defendant made an opening statement in which he stated that he pleaded not guilty because he was not drunk and the officer smelled cigar smoke—not alcohol—on his breath. Defendant noted that he had never had a traffic violation and that his brother had sent him a letter stating that the "Paxton police was up to nail me and my brother, Gene, for anything driving." Defendant asserted he had a letter to prove it.

Paxton City Police Officer Walter Whitehill testified for the State that he received a radio transmission while on duty at 8:53 p.m. on December 19, 1979. He located the vehicle described in the radio message. He observed the car screech its tires and followed it. While the car remained in its lane, "the driver's moves were very erratic * * *."

Whitehill pulled alongside the car and defendant exited the driver's side. Defendant had to use the vehicle to maintain his balance. When Officer Whitehill approached defendant, defendant stated he was drunk, that he had consumed two quarts of beer, and was on his way home. The officer stated that he was within one foot of the defendant at this time. Whitehill testified that defendant had a strong odor of alcoholic beverage

on his breath and that he was sure that it was not a cigar odor. The officer stated that defendant failed one field sobriety test and performed poorly on another. In Whitehill's opinion, defendant was under the influence.

The defendant conducted the following cross-examination:

"CROSS EXAMINATION BY MR. DERRA (THE DEFENDANT)

Q. After the alleged spinning of tires, you followed me clear to the laundry mat?

A. Yes, sir.

Q. Why did you follow me to the laundry mat and not stop me before that?

A. In order to observe your driving.

MR. DERRA: Okay. That's all."

The State then rested and the court granted a short recess for the defendant to confer with the public defender. The entire case for the defendant was as follows:

"DUANE A. DERRA, called as a witness in his own behalf, after having been duly sworn on oath, was examined and testified as follows:

THE COURT: You do not have to ask yourself questions and answer them. You may just make a statement.

THE DEFENDANT: Okay. Here is the way. 45 is going south. Alright, it has got three lanes. One for left turn, one for right turn, and one for straight. Alright. It is wide there and it kind of narrows down when you get past Convenient; and then, you know, it's kind of bumpy. That's all I can think of.

THE COURT: Were you done testifying?

THE DEFENDANT: Yes.

THE COURT: Do you have any cross examination?

MR. BENSON: No."

The defendant declined the opportunity to make a closing argument and the jury returned a guilty verdict. The record reflects that the entire trial took 68 minutes. The case was called for trial at 3:37 p.m., the jury sworn at 3:50 p.m., plaintiff's evidence from 4:02 p.m. to 4:12 p.m., defendant's evidence from 4:16 p.m. to 4:17 p.m., closing arguments by the State at 4:24 p.m., the jury instructions at 4:30 p.m., the jury retired at 4:33 p.m., and a jury verdict was rendered at 4:45 p.m.

On April 9, 1980, a presentence report was filed reflecting that the defendant had no criminal history, but had a history of low I.Q. The report also stated defendant's family had financial and social problems. The PSI listed the defendant's education as Paxton special ed. for nine years. Following the sentencing hearing, the trial court sentenced defendant to a period of one year probation with no fine, costs, and ordered that

he contact the Champaign County Council on Alcoholism and participate in a program designed by them for him.

On appeal, defendant argues that he did not effectively waive counsel and that the assistance he received was ineffective. In the alternative, he argues that if there was a valid waiver, the trial court abused its discretion in allowing him to proceed *pro se* where it was evident that he was incapable of defending himself. Since we agree with defendant's primary contention, we reverse and remand without addressing the alternative argument.

Our disposition of defendant's claim is governed by Supreme Court Rule 401(a) (73 Ill. 2d R. 401(a)), which provides:

"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

The purpose of this rule is to provide a procedure which will eliminate any doubt that a defendant understands the nature and consequences of the charge against him before a trial court accepts his waiver of the right to counsel and to preclude a defendant from waiving assistance of counsel without full knowledge and understanding. *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 308 N.E.2d 111.

In holding that the requirements of Rule 401 have not been fulfilled, we must necessarily confront a number of collateral points. Initially, the State argues that there was no Rule 401 waiver involved since the public defender was appointed in an advisory capacity. (*Lindsey; People v. Black* (1979), 68 Ill. App. 3d 309, 385 N.E.2d 899.) The apparent logic of this argument is that the defendant did actually receive assistance of counsel and thus the effectiveness of the waiver is no longer relevant.

In *Lindsey*, the defendant was convicted of murder. On the day of trial, the defendant requested that he be allowed to represent himself with his court-appointed attorney acting as an assistant. The trial court granted the request and on appeal the defendant complained that the Rule 401 admonitions had not been given. The First District found that the admonitions were not required because the defendant did not make a waiver of counsel within Rule 401. Likewise, in *Black*, the defendant stated he did

not want the public defender to represent him but stated he could use cocounsel. Relying upon *Lindsey*, the Fifth District held that there was substantial compliance with Rule 401, and in any event, the admonitions may not have been required. See also *People v. Pittman* (1979), 75 Ill. App. 3d 683, 394 N.E.2d 702, and *People v. McKinney* (1978), 62 Ill. App. 3d 61, 378 N.E.2d 1125.

■■ We are not persuaded by the cases which the State has cited. Unlike *Lindsey* and *Black*, Derra did not request the assistance of the public defender. In fact, it was the public defender himself who suggested that he be allowed to assist. Unlike the *Pittman* and *McKinney* cases wherein counsel, who was appointed to assist took an extremely active role, the public defender here was virtually silent. In fact, the record reflects only one discussion with counsel which—according to the record—was somewhat less than four minutes. We are not faced here with a defendant who is attempting to obtain the best of both worlds. The record clearly indicates that the defendant here was attempting to represent himself. Under the facts and circumstances of this case, the trial court was required to provide defendant with the Rule 401 admonition even though the public defender was appointed in an advisory capacity.

Having determined that the Rule 401 admonitions were required, we must now decide how the mandates of Rule 401 can be fulfilled. The State argues that the trial court was only required to substantially comply with that rule and that his statements to the defendant were sufficient. The defendant, on the other hand, argues that this court should indulge in every reasonable presumption against waiver of a fundamental right and that strict compliance with the rule is required.

In *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374, Justice Stamos, writing for the majority, conducted an extensive discussion of the history and interpretations of Rule 401. As the *Brown* opinion points out, two distinct constructions of the requirements of Rule 401 have developed in the appellate court. One strain holds that substantial compliance with Rule 401 is enough; the other requires rigorous compliance with the admonitions of the rule.

The substantial compliance test is a vestige from the past when the provisions concerning both waiver of indictment and guilty pleas were contained in the same supreme court rule. (Ill. Rev. Stat. 1969, ch. 110A, par. 401.) The substantial compliance standard of Rule 402 was thus grafted onto Rule 401(b), which governed waiver of indictment. Courts then took the next step, which was applying the substantial compliance standard explicitly stated in Rule 402 to Rule 401(a) waiver of attorneys. Parallel to this line of decisions is a line of cases which have followed the mandates of Rule 401(a) and required that the record affirmatively demonstrate that defendants were given those warnings which our supreme

court deemed essential to a decision pertaining to representation. *People v. Templeton* (1978), 60 Ill. App. 3d 711, 377 N.E.2d 228; *People v. McMurray* (1977), 55 Ill. App. 3d 581, 371 N.E.2d 46; *People v. Jones* (1976), 36 Ill. App. 3d 190, 343 N.E.2d 644.

The court in *Brown* then went on to conclude that to the extent that cases concerning waiver of indictment under Rule 401(b) may conflict with those cases interpreting waiver of counsel under 401(a), it would follow the more rigorous requirements explicitly set out in the supreme court rule and applied in the *Templeton-McMurray* cases. The court was under the belief that these cases correctly reflected the constitutional foundation upon which Rule 401(a) rests.

The holding in *Brown* is consistent with the prior decisions of this court which, while not engaging in the same analysis conducted by the *Brown* court, have effectively applied the strict compliance standard. *People v. Roberts* (1978), 56 Ill. App. 3d 126, 371 N.E.2d 1284; *People v. Bolden* (1978), 59 Ill. App. 3d 32, 374 N.E.2d 1307.

In *Roberts*, the defendant asserted that he did not knowingly and understandingly waive his right to counsel during probation revocation proceedings. At the hearing on the petition, the court advised defendant of the allegations in the petition to revoke and that he had a right to be represented by an attorney and that counsel would be appointed if defendant were indigent. When asked if he wished to be represented by counsel, defendant answered no. Defendant then admitted two of the three allegations contained in the petition. This court reversed because, although the trial court advised the defendant that he could be sentenced on his original burglary conviction, it did not state the possible length of the sentence and therefore failed to advise the defendant as to the minimum and maximum sentences which would be imposed.

In *Bolden*, this court reversed a conviction where the defendant was not represented by counsel and did not effectively waive counsel pursuant to Supreme Court Rule 401(a) at a preliminary hearing, although he was represented by counsel at trial. This court found that the court's failure to properly admonish the defendant prevented him from making a voluntary and knowing choice to represent himself or be represented by counsel. "The assistance of that counsel at the preliminary hearing may have resulted in the defendant's release, thereby permitting him to more effectively assist in the preparation of his case for trial. * * * The letter and spirit of Supreme Court Rule 401(a) cannot be cavalierly disregarded as was the case here." 59 Ill. App. 3d 32, 35, 374 N.E.2d 1307, 1309.

■■ Consistent with our previous holdings and with the persuasive analysis of the *Brown* opinion, we hold that the trial court in the instant case was required to strictly comply with the mandates of Supreme Court Rule 401(a). In the instant case, as in *Roberts*, the defendant was not told the

minimum and maximum sentences which could result from a conviction. The trial judge's statement that the State had not waived the possibility of jail time was not sufficient.

Having decided that defendant has not effectively waived counsel pursuant to Supreme Court Rule 401(a), the conclusion that counsel was in fact ineffective is compelled by this record. Counsel questioned no witnesses, made no statements of record during the trial and at most consulted with the defendant for a period of something less than four minutes. This can hardly be considered effective assistance of counsel.

The defendant's conviction and sentence are hereby reversed and the cause is remanded to the circuit court.

Reversed and remanded.

CRAVEN and WEBBER, JJ., concur.