THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ODELL HITE, Defendant-Appellant.

Fifth District   No. 81—536

Opinion filed May 12, 1983.

Randy E. Blue and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Stephen E. Norris and Mark A. LaRose, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Following a jury trial in the circuit court of St. Clair County, the defendant was convicted of armed robbery and was sentenced to 10 years' imprisonment. He appeals from his conviction and presents a single assignment of error. He contends that the record does not show that he effectively waived counsel prior to his *pro se* trial in which he was assisted by the public defender.

On January 20, 1981, the defendant was charged with having committed an armed robbery the previous day, and, at that time, public defender James Donovan was appointed to represent him. Donovan appeared on the defendant's behalf at his January 30, 1981, preliminary hearing. When the defendant was arraigned on March 20, 1981, however, he informed the court that he was represented by attorney Clyde Kuehn. On April 24, 1981, the court was apprised that Kuehn had withdrawn from the case. The public defender was again appointed.

The law firm of Martin, Bahn and Cervantes filed an entry of appearance in this case on April 29, 1981. This law firm filed various suppression and discovery motions in the defendant's cause and represented him at an evidentiary hearing on one of those suppression motions. On July 15, attorney Mark Bahn filed a motion to withdraw as defense counsel, along with an affidavit explaining that this action was taken at the request of the defendant. The court granted this motion, and, for the third time, appointed public defender Donovan to represent the defendant. At that time, the court explained to the defendant that his trial was scheduled for July 27, 1981. The following exchange then took place:

"THE DEFENDANT: Your Honor, excuse me. Do I have to go with the Public Defender?

THE COURT: You sure do. You fooled around too much.

THE DEFENDANT: It's not my fault, Your Honor. It's the fault of the lawyer and I'm getting another attorney. I don't want to go with the Public Defender.

THE COURT: If he can be ready by the 27th, he can help Mr. Donovan. Otherwise he's the Public Defender."

On July 27, the defendant appeared in court and requested that his case be continued. The court allowed him a continuance to August 24, but admonished him that there would be no further continuances "because of lawyer problems."

The defendant's case was called for trial on August 24, 1981. The court heard the defendant's testimony in support of his request for a change of venue, and denied the motion. Action was taken on other motions, and then a recess was called. After that recess, the following discussion occurred between the court and the defendant:

"THE COURT: I understand that you want to try the case yourself.

THE DEFENDANT: My people say [sic] that they would get an attorney for me.

THE COURT: They told me that six weeks ago, or two months ago, I believe, but they didn't do it. And so we are going to have to go today. So you have a right to try your case yourself, but he has to sit there as an advisor. If you want to make use of his services, that's fine. If you want to ignore them, you're fine. But you will be held to the same laws of evidence that a lawyer would be held to.

THE DEFENDANT: Yes, sir.

THE COURT: And in other words, it won't be just a big argument in the court. I will expect you to conduct yourself just like a lawyer would, ask the same questions, because that's why we have lawyers, to eliminate a lot of the confusion and things of that sort. But you have a right to do it if you wish, one is available, a good one, he is our Chief Public Defender.

THE DEFENDANT: I had a chance to get some information that my peoples [sic] had got an attorney. He is supposed to have been over here today.

THE COURT: He can come over today and start to trial today, if you like.

THE DEFENDANT: Yes, sir.

THE COURT: But it's going today. ***"

The case was then tried, with the defendant, assisted by standby counsel Donovan, representing himself. The defendant delivered opening and closing arguments to the jury and conducted the direct and cross-examination of witnesses. However, the public defender offered advice to the defendant on numerous occasions, assisted in the selection of the jury, occasionally posed objections to testimony or exhibits,

and also conducted the instruction conference for the defendant.

First, it should be made plain what the defendant is not arguing. He does not contend that the court should have allowed him to be represented by counsel other than the public defender, or that he should have been granted a continuance to permit him to seek the services of other counsel. Nor does he assert that he was not properly admonished pursuant to Supreme Court Rule 401(a) (87 Ill. 2d R. 401(a)), because he was so advised. His position is instead that he is entitled to a new trial because his remarks at trial in response to the court's inquiry do not indicate an unequivocal rejection of counsel. The People reply that the court offered the defendant a choice between the services of the public defender and proceeding *pro se* with the advice of standby counsel, and his election of the second alternative was in effect a rejection of the first. They further argue that inasmuch as the defendant conducted his defense with the assistance of standby counsel, he did not in fact proceed *pro se,* and the record need not show an explicit waiver of counsel. Because we agree that the defendant did not waive counsel in this case, we need not consider whether the record shows that the defendant knowingly and understandingly rejected the representation of appointed counsel at trial. *People v. Hessenauer* (1970), 45 Ill. 2d 63, 256 N.E.2d 791.

A number of authorities in this State have held (*People v. Nieves* (1982), 92 Ill. 2d 452, 442 N.E.2d 228; *People v. Dorsey* (1982), 109 Ill. App. 3d 218, 440 N.E.2d 394; *People v. Pittman* (1979), 75 Ill. App. 3d 683, 394 N.E.2d 702; *People v. McKinney* (1978), 62 Ill. App. 3d 61, 378 N.E.2d 1125; *People v. Lindsey* (1974), 17 Ill. App. 3d 137, 308 N.E.2d 111) or noted in *dicta* (*People v. Black* (1979), 68 Ill. App. 3d 309, 385 N.E.2d 899; *People v. Heath* (1976), 35 Ill. App. 3d 880, 342 N.E.2d 452) that where a defendant proceeds to trial with the "technical assistance" of an attorney, he has not waived counsel. In such a situation, the defendant need not be given the full admonishments of Supreme Court Rule 401(a), nor need the record reflect an unequivocal waiver of counsel. (*People v. Nieves; In re Boswell* (1978), 62 Ill. App. 3d 1033, 379 N.E.2d 658.) The reason for these decisions is that a defendant who seeks to conduct his own defense with the advice of counsel partakes of the freedom of defending himself in addition to the expertise of an advisor with legal training. A defendant who wishes to act *pro se* desires to stand alone, but this does not occur if a lawyer assists him at trial. In this instance, a defendant receiving such legal advice should not be heard to complain on appeal of improprieties pertaining to admonishments about proceeding *pro se* or of deficiencies apparent of record relating to a waiver of legal assistance.

Other decisions have held that, in certain circumstances, defendants who have conducted their own defenses with a court-appointed lawyer acting as standby counsel were entitled to a new trial where the record failed to show compliance with Supreme Court Rule 401(a). (*People v. Derra* (1981), 92 Ill. App. 3d 1106, 416 N.E.2d 688; *People v. Brown* (1980), 80 Ill. App. 3d 616, 399 N.E.2d 1374.) But in these cases, the participation of the public defender was minimal. In *Derra*, the court described appointed counsel as "virtually silent," engaging in only one brief discussion of record with the defendant, while in *Brown*, the public defender initiated no action in the defendants' case until he moved for a mistrial following the State's case in chief. The conscientious assistance furnished the defendant by public defender Donovan at all stages of this trial stands in contrast to the services of standby counsel in *Derra* and *Brown*.

■ In the case at bar, then, the defendant cannot be considered as having waived counsel, and is thus not entitled to assert as error that the record is ambiguous concerning a waiver of counsel. The actions of the public defender secured a fair trial for the defendant, and accordingly we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

JONES and KARNS, JJ., concur.