THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MALCOLM CEMOND, Defendant-Appellant.

Fifth District   No. 5—90—0055

Opinion filed June 4, 1992.

GOLDENHERSH, P.J., dissenting.

Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael McCormick, State's Attorney, of Vienna, and Jacques F. Heilingoetter, Jr., of Chicago (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

Defendant was found guilty of unlawful possession of cannabis in a State penal institution in violation of section 31A—1.1(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 31A—1.1(b)). Defendant was sentenced to a six-year prison term to run consecutive to the sentence he had been serving at the time of the instant offense. Defendant raises a single issue, whether he knowingly, understandingly, and effectively waived his right to counsel. We affirm.

On July 24, 1989, a two-count information charged defendant with unlawful possession of cannabis in a State penal institution and unlawful possession of cannabis. Defendant's preliminary hearing and arraignment took place on August 23, 1989, and he was advised of the nature of the charges and the potential penalty for the offenses. Defendant indicated that he understood the possible penalties on both charges. Defendant then asked the court's permission to proceed *pro se* with the assistance of attorney Steven Douglas. The trial court allowed defendant to proceed in this manner.

On November 27, 1989, a three-day jury trial commenced. Attorney Douglas gave the opening statement and cross-examined the State's witnesses. Defendant handled the other aspects of the case. The State's main witness, Shawnee Correctional Center officer Kevin Kunath, testified that on June 6, 1989, he performed an inventory search of defendant's cell and found a cellophane package taped under the rim of the commode containing what was later determined to be 3.6 grams of cannabis. Other State witnesses testified to the chain of

custody, the prison's internal security system, and the forensic analysis of the cannabis. Defendant admitted that the cannabis was found in his cell but defended on the theory that the evidence failed to establish beyond a reasonable doubt that he had knowledge of it.

The jury returned a verdict of guilty on both counts. Count II, possession of cannabis, was later dismissed. On December 29, 1989, defendant filed a motion for a new trial. While fairly comprehensive, the motion did not raise the issue now before us on appeal. On January 10, 1990, the trial court denied defendant's motion for a new trial and sentenced defendant to an extended term of six years on count I. The sentence was ordered to run consecutive to any previous sentence defendant was already serving at the time of the offense.

The issue we are asked to consider is whether defendant knowingly, understandingly, and effectively waived his right to counsel. Defendant argues that because the trial court failed to admonish him under Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)), prior to granting his request to proceed *pro se*, that he was subject to a mandatory consecutive sentence, it cannot be said that defendant has waived his right to counsel. The State replies that defendant has waived this issue since he failed to raise it in his post-trial motion asking for a new trial. The State also contends that in order to qualify for the protection of Rule 401(a), a defendant must truly relinquish his right to counsel, and defendant failed to do this because he had the assistance of counsel at all times. Assuming, *arguendo*, that defendant was not effectively assisted by counsel and was in fact defending himself *pro se*, the State contends that defendant was adequately admonished pursuant to Rule 401(a).

■ We will first address the waiver argument. Ordinarily, failure to raise an issue in a written motion for a new trial constitutes waiver of that issue on appeal. (*People v. Whooper* (1979), 78 Ill. App. 3d 1079, 1083, 398 N.E.2d 93, 96.) However, Supreme Court Rule 615 allows for a relaxation of that rule where the alleged error involves substantial rights. Supreme Court Rule 615(a) provides:

"Rule 615. The Cause on Appeal

(a) Insubstantial and Substantial Errors on Appeal.

Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." (134 Ill. 2d R. 615(a).)

Where the nature of the alleged error is such as to deprive an accused of his constitutional rights, a court will consider the error al-

though not properly preserved for review. (*People v. Weinstein* (1966), 35 Ill. 2d 467, 220 N.E.2d 432.) We will consider defendant's argument that he did not waive his constitutionally mandated right to counsel.

■ Defendant's contention that he did not effectively waive counsel must be considered in light of Supreme Court Rule 401(a), which provides:

"Rule 401. Waiver of Counsel

(a) Waiver of Counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." (134 Ill. 2d R. 401(a).)

The purposes of this rule are to provide a procedure which will eliminate any doubt that the defendant understands the nature and the consequences of the charge against him before the trial court accepts his waiver of the right to counsel and to prohibit the defendant from waiving assistance of counsel without full knowledge and understanding. (*People v. Derra* (1981), 92 Ill. App. 3d 1106, 1109, 416 N.E.2d 688, 690.) In determining whether there is a valid waiver of right to counsel, a reviewing court must consider the words and conduct of the defendant and indulge in every reasonable presumption against waiver. *People v. Vanderwerff* (1978), 57 Ill. App. 3d 44, 50, 372 N.E.2d 1014, 1019.

In the instant case, the trial court made the following remarks concerning the possible penalties defendant faced if found guilty of the charges.

"THE COURT: Are you ready now for me to inform you of possible penalties? All right. Count I alleges a Class 4 felony. If one is convicted of a Class 4 felony in the State of Illinois, he or she could be sentenced to the Illinois Department of Corrections for a term not less than one nor more than three years, a fixed amount of time within that range. If one is convicted of a

Class 4 felony in the State of Illinois and at the sentencing hearing the Judge were to find that within the past ten years that the defendant had been convicted of the same, a Class 4 felony, or a higher class of felony in the State of Illinois and excluding, which means not counting, any time spent in custody on the previous felony conviction and if all of the requirements of the Extended Term Section of the Illinois Criminal Code were met, that individual could be sentenced in the Judge's sentencing discretion to the Illinois Department of Corrections under the Extended Term Section of the Code to a term not less than three nor more than six years, a fixed amount of time within that range. If one is convicted and sentenced to the Illinois Department of Corrections, upon release there would be a one year period of mandatory supervisory release, very similar to what we use[d] to term parole, another possible sentencing alternative which would very likely not apply in this case since if you are convicted, it is said in the allegations that you are a resident of a correctional facility and then imprisonment would be the legal and the statutory sentence to be given. But I'll go ahead and tell you about possible other alternatives if one is routinely charged with a class felony. And you should keep in mind that these may very well not apply in part or in total to you. You could be placed on probation or conditional charges for a term up to not more than thirty months within terms and conditions coming therefrom. Another possible sentencing alternative, periodic imprisonment or periodic jail confinement for a term not to exceed eighteen months in duration, a fine up to $10,000, a fine up to not more than $10,000 could be imposed if convicted. Of course, court costs, statutory court costs would be imposed if convicted. Now Count II, that is a Class B misdemeanor. If you are convicted of a Class B misdemeanor, the maximum period of confinement would be up to six months in the county jail. You could be in addition fined up to $500 and court costs, statutory costs and fees, would be imposed if convicted. You could be placed on probation or conditional discharge for a term up to not more than twelve months with terms and conditions coming therefrom. Now do you understand the possible penalties on both charges?

DEFENDANT: Yes, sir."

Defendant was not informed that if he was convicted, his sentence would run consecutive to any sentence he was presently serving pursuant to section 5—8—4(f) of the Unified Code of Corrections (Ill.

Rev. Stat. 1989, ch. 38, par. 1005—8—4(f)). After defendant was informed of the possible penalties, the following colloquy ensued:

"THE COURT: How does he plead, Mr. Douglas, to Count I? Does he plead not guilty, Mr. Douglas? Sir, I'm asking you how to plead.

DEFENDANT: I thought you were talking to Mr. Douglas.

THE COURT: He's your lawyer. One of you, it doesn't matter which, can enter your plea. I've got other cases, as you can see. So how do you plead, not guilty or guilty, Mr. Cemond?

DEFENDANT: Not guilty.

THE COURT: Not guilty to Count I. How do you plead to Count II?

DEFENDANT: Not guilty.

THE COURT: Not guilty pleas are entered. Jury trial will be when, Mr. Yandell?

MR. YANDELL: September 25.

THE COURT: September 25, 1989, at 9:00.

DEFENDANT: Your Honor, may I say something? May I proceed *pro se* with the assistance of Mr. Douglas on this case?

THE COURT: Is that what you want to do at your jury trial?

DEFENDANT: Yes. From this point on, I would like all the records pertaining to this case and I will process [*sic*] *pro se* with the assistance of Mr. Douglas.

THE COURT: All right, you're sure that's what you want to do?

DEFENDANT: Yes.

THE COURT: All right, I'll allow you to proceed representing *pro se*, representing yourself, with the assistance of Mr. Douglas. Mr. Douglas will be here at all hearings and he will assist you in any way. Your jury trial, sir, is September 25, 1989, at 9:00."

■ The State argues that from the above language it is apparent that defendant did not waive counsel since defendant proceeded with the "technical assistance" of an attorney. The State contends that where a defendant proceeds with the technical assistance of an attorney, the defendant has not waived counsel, and that in such a situation, a defendant need not be given the full admonishment of Supreme Court Rule 401(a). The rationale for this ruling was articulated in *People v. Hite* (1983), 115 Ill. App. 3d 66, 450 N.E.2d 416:

"The reason for these decisions is that a defendant who seeks to conduct his own defense with the advice of counsel partakes

of the freedom of defending himself in addition to the expertise of an advisor with legal training. A defendant who wishes to act *pro se* desires to stand alone, but this does not occur if a lawyer assists him at trial. In this instance, a defendant receiving such legal advice should not be heard to complain on appeal of improprieties pertaining to *admonishments about proceeding pro se or of deficiencies apparent of record relating to a waiver of legal assistance.*" (Emphasis added.) (115 Ill. App. 3d at 69, 450 N.E.2d at 418.)

We believe this rationale applies in the instant case. Although the trial court failed to point out to defendant that if convicted he would be subject to a mandatory consecutive term (134 Ill. 2d R. 401(a)), at the preliminary hearing Cemond expressed his desire to proceed *pro se* with the assistance of counsel and did in fact receive the assistance of his attorney. It has been held that in such situations the admonitions of Rule 401(a) are not required to be given because the defendant has not made a waiver of counsel within the meaning of the rule. (*People v. Love* (1985), 139 Ill. App. 3d 104, 113, 486 N.E.2d 1337, 1343-44; *People v. Pittman* (1979), 75 Ill. App. 3d 683, 394 N.E.2d 702.) "[W]here a defendant proceeds to trial with the 'technical assistance' of an attorney, he has not waived counsel." (*People v. Smith* (1985), 133 Ill. App. 3d 574, 579, 479 N.E.2d 24, 29.) In *Pittman* the court found that any alleged deficiency was harmless and that the record therein reflected substantial compliance with Rule 401.

For the forgoing reasons, the judgment of the circuit court of Johnson County is affirmed.

Affirmed.

RARICK, J., concurs.

PRESIDING JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. I do not believe the rationale of *People v. Hite* (1983), 115 Ill. App. 3d 66, 450 N.E.2d 416, is applicable in the instant situation where there is lack of compliance with Supreme Court Rule 401(a)(2) (134 Ill. 2d R. 401(a)(2)) regarding potential sentence. The trial court did not point out to defendant that if convicted, he would be subject to a mandatory consecutive term. *People v. Smith* (1985), 133 Ill. App. 3d 574, 579, 479 N.E.2d 24, 29; *People v. Love* (1985), 139 Ill. App. 3d 104, 113-14, 486 N.E.2d 1337, 1343-44; see *People v. Montoya* (1981), 94 Ill. App. 3d 6, 418 N.E.2d 84.

The appointment of advisory counsel does not by itself relieve a court of its responsibility to ensure that the defendant's waiver of counsel is knowingly and intelligently made. (*United States v. Padilla* (10th Cir. 1987), 819 F.2d 952, 959-60.) In the instant case, the record reflects that defendant did use the assistance of an attorney, but the record also clearly reflects defendant was attempting to represent himself. Under the facts and circumstances herein, I believe the trial court was required to provide defendant with a complete Rule 401 admonition even though defendant asked for and was granted the use of an attorney in an advisory capacity. See *People v. Derra* (1981), 92 Ill. App. 3d 1106, 416 N.E.2d 688.

Rule 401(a) is clear that a defendant must be admonished as to his potential for consecutive sentences due to past convictions. It is quite possible defendant would have come to a different conclusion as to whether he wanted to represent himself had it been pointed out to him that he was facing a mandatory consecutive sentence pursuant to section 5—8—4(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—4(f)) if convicted. I therefore conclude that defendant did not knowingly, understandingly, and effectively waive his right to counsel.